[Civ. No. 13358. First Dist., Div. Two. Feb. 7, 1947.]

JAMES DOUGLAS THOMPSON, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Nathan C. Coghlan for Petitioner.

Ralph E. Hoyt, District Attorney, Arthur H. Sherry, Assistant District Attorney, and John S. Cooper, Deputy District Attorney, for Respondent.

DOOLING, J.—This petitioner is joined as a defendant in the indictment under consideration in *Stern* v. *Superior Court, ante,* p. 9 [177 P.2d 308]. His wife is the owner of the building in Oakland in which Stern was engaged in business both before Stern removed to Richmond and after he returned to Oakland. Petitioner manages his wife's property and has an office in the ground floor of the same building. Stern occupied the second story. During Stern's first period of occupancy the second floor was rented to the codefendant Dr. Ray and his name appeared on the entrance door. Stern vacated the premises and moved to Richmond after a visit from the Oakland police and this petitioner then rented the premises to Dr. Burl Whalen. Dr. Whalen testified that petitioner told him that he had cancelled Dr. Ray's lease

because "things were pretty hot in San Francisco and he heard they were going to get hot in Oakland, and he better quit work and get out." On a later occasion Dr. Whalen told petitioner that from ten to twenty women a day were coming to his office, asking for Dr. Ray and seeking the performance of abortions and petitioner "told me I was crazy if I didn't take them in the operating room and examine them for hemorrhoids and take about $200 away from them . . . he said they had money in their pockets and, 'You might as well take it away from them' ".

Dr. Ray and Dr. Whalen had each been paying $400 per month rent. An unexecuted lease to Dr. Stock, in whose name Stern occupied the premises on his return from Richmond, for a five-year term at $4,000 per month was produced before the grand jury, which was admittedly prepared by petitioner and left in the premises for Stock. There is further evidence that petitioner frequently visited the premises while Stern was occupying them the second time and went into the surgery immediately after an abortion had been performed therein.

Enough has been detailed to indicate that the grand jury might reasonably conclude that petitioner with knowledge of Stern's illegal operations and purpose rented the premises to Stock for Stern's use at an exorbitant rental as a member, and in furtherance, of the general conspiracy to violate the law by the commission of illegal abortions. Petitioner testified that he knew nothing of Stern's illegal operations and believed in good faith that he was an X-ray technician employed by Stock. He explained the lease prepared by him for rental at $4,000 per month by saying that Stock had agreed orally to purchase the building and equipment for $95,000 payable at the rate of $4,000 per month and that he prepared the lease because he did not know how to prepare a contract of sale and intended to take Stock to his attorneys to prepare a contract and the proposed lease was to be used in that connection. The grand jury was entitled to weigh petitioner's testimony with the evidence against him and to disbelieve his explanations if their discretion so dictated.

Complaint is made of the introduction of hearsay testimony. There is sufficient competent evidence to support the indictment and that is all that is required. (*Stern* v. *Superior Court, ante,* p. 9 [177 P.2d 308].)

The alternative writ is discharged and the petition for a writ of prohibition denied.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied March 8, 1947, and petitioner's application for a hearing by the Supreme Court was denied April 3, 1947.   Carter, J., voted for a hearing.